UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TINO TUFUNO,

        Plaintiff,

v.

L. PARKER, et al.,

        Defendants.

No. 2:16-cv-2448 MCE DB P

ORDER

        Plaintiff is a state prisoner, proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983, alleging various claims arising from his medical treatment. (ECF No. 1.) Before the court are plaintiff's application to proceed in forma pauperis (ECF No. 2) and the screening of plaintiff's complaint (ECF No. 1). Plaintiff declined to consent to the jurisdiction of a magistrate judge. (ECF No. 4.)

**I.    Motion to Proceed In Forma Pauperis**

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.    Screening**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

**A.    Legal Standard**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial

plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

**B.     Discussion**

The key consideration applicable to this complaint is that the federal rules contemplate brevity. See Fed. R. Civ. P. 8(a)(2) (complaint must be "a short and plain statement"); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d) (1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and direct'"); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The courts do grant leeway to pro se plaintiffs in construing their pleadings. See, e.g., Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). Even with leeway and liberal construction, however, the complaint must not force the court and the defendants to guess at what is being alleged against whom, require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit," or require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." McHenry, 84 F.3d at 1179. An excessively long and repetitive pleading, containing much narrative and story-telling, naming many defendants and other named individuals who may or may not be defendants, and with no clear statement of which individuals did what, very likely will result in delaying the review required by 28 U.S.C. § 1915A

////

3

and ultimately, an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41, for violation of these instructions. Id.

In this case, plaintiff's complaint spans 22 single-spaced, handwritten pages with no clear paragraph breaks. (ECF No. 1 at 1-22.) Plaintiff also attaches 57 pages of exhibits to the complaint. (Id. at 23-79.) Several handwritten sections of the complaint are illegible, making it impossible for the court to determine what all of the allegations are. (See, e.g., ECF No. 1 at 5, 9-11, 21.) As best the court can tell, plaintiff alleges that defendants failed to accommodate for his disability, leading to spinal injuries and severe pain. (Id. at 5-6.) Plaintiff appears to make claims pursuant to Section 1983 and the ADA. (Id.)

The complaint however, consists of lengthy, winding narratives and story-telling. Figuring out from this complaint what claims plaintiff is making, which allegations support which claims, and which allegations are asserted against which defendants, would be excessively time-consuming for the court, and in the end, the court would not know that it was correctly interpreting the complaint. The Ninth Circuit has set forth some of the dangers of proceeding with such a complaint:

> As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiff filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.

McHenry, 84 F.3d at 1179-80.

In short, the court is currently unable to conduct the screening required by 28 U.S.C. § 1915A, because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2) and (d)(1). Accordingly, the complaint will be dismissed with leave to file an amended complaint. If plaintiff chooses to file an amended complaint, he must submit a short and plain statement demonstrating how the conditions or actions complained of have resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the

action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

The amended complaint should contain separate, clearly identified claims -- for example, Eighth Amendment Claim, ADA Claim, Rehabilitation Act Claim, Retaliation Claim, etc. -- clearly identified at the beginning of each claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs (each paragraph number is one greater than the one before, each paragraph has its own number, and no paragraph number is repeated anywhere in the complaint). Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations. Rather, the amended complaint should contain only those facts needed to show how a specific, named defendant legally wronged the plaintiff.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell

5

Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 (2009) ("Normally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556–557 (2d ed.1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint may result in a recommendation that the action be dismissed.

Dated: September 27, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL.RIGHTS / tufu.2448.scrn