UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINO TUFUNO,<br><br>    Plaintiff,<br><br>    v.<br><br>L. PARKER, et al.,<br><br>    Defendants. | No. 2:16-cv-2448 MCE DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff moved the court to appoint counsel, notified the court prison officials were not allowing him use of the law library, and requested verification that the court received his amended complaint. (ECF No. 14.) The court received plaintiff's First Amended Complaint on December 11, 2017.

**I.    Motion to Appoint Counsel**

Plaintiff requested the court assist him with finding an attorney and stated he is not being allowed access to the law library, but provided no other reason for the appointment. (ECF No. 14.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1

1 | The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, where the court has not yet screened plaintiff's amended complaint, the court cannot make a determination regarding plaintiff's likelihood of success and does not find the required exceptional circumstances.

**II.     Law Library Access**

Plaintiff informed the court he is being denied access to the law library, but he does not appear to be seeking an order from the court directing prison officials to grant him access.  Plaintiff does not currently have a deadline in this case.  At present, there is nothing plaintiff is required to prepare or complete.  Once the court screens the amended complaint, plaintiff will receive instructions regarding how to proceed.

If later in this case plaintiff is denied library access to meet a deadline imposed by this court, he should first seek help through the prison grievance system.  If that is unsuccessful, plaintiff may then notify the court of his problems and seek court intervention.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 14) is denied.

Dated:  January 12, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB12
DLB1/Orders/Prisoner Civil-Rights/tufo2448.31+lawlib

2