UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINO TUFUNO,<br><br>    Plaintiff,<br><br>    v.<br><br>L. PARKER, et al.,<br><br>    Defendants. | No. 2:16-cv-2448 MCE DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims he was injured when defendants required his cellmate to push plaintiff in his wheelchair over a curb causing plaintiff to fall. Presently before the court is plaintiff's second motion to appoint counsel. (ECF No. 17.) The court will issue a separate order screening the second amended complaint filed January 29, 2018 (ECF No. 16).

In support of his motion plaintiff argues counsel should be appointed because his case has merit, it involves complex legal and medical issues that will require expert testimony, his injuries hinder his ability to research and prepare documents, he lacks knowledge of the law, he has difficulty gaining access to the law library, he is an EOP[1] inmate, and he required assistance from other inmates in preparing his amended complaint. (ECF No. 17.)

////

---

[1] EOP is the abbreviation for Enhanced Outpatient Program, which is a prison mental health care program designation. Cal. Code Regs. tit. 15 § 3040.1(d); Coleman v. Brown, 28 F. Supp. 3d 1068, 1075 (E.D. Cal. 2014).

1

1    Plaintiff also attached a declaration from an inmate stating the inmate prepared the second amended complaint and the motion to appoint counsel. The inmate stated he is not able to assist plaintiff because he is pursuing his own cases. He further claims plaintiff is medically impaired due to mental illness and his ability to research the law, even without his medical impairments, is limited.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

In determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2000) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Here, plaintiff argues the court should appoint counsel because he was only able to prepare the second amended complaint and motion to appoint counsel with assistance from other inmates. It is unclear at this stage of the proceedings, with only plaintiff's second amended complaint before it, whether plaintiff is likely to succeed on the merits. While plaintiff may require the assistance in litigating this action, he has not shown that he will be unable to receive help from other inmates moving forward. Up to this point plaintiff has been able to articulate his claims with clarity through the assistance of other inmates. (See ECF Nos. 16, 17.)

Accordingly, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. See Owens v. Clark, No. 2:15-cv-0982 TLN KJN P, 2017 WL 6539639 at *1 (E.D. Cal. Dec. 20, 2017)

(denying EOP inmate's motion to appoint counsel because he was receiving assistance from other inmates and failed to establish a likelihood of success on the merits.). Plaintiff's motion to appoint counsel will be denied without prejudice. However, plaintiff may renew his motion to appoint counsel if he is unable to attain assistance in the future.

IT IS HEREBY ORDERED that plaintiff's motion to appoint counsel (ECF No. 17) is denied without prejudice.

Dated: August 30, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil-Rights/tufo2448.mta