UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TINO TUFONO,

    Plaintiff,

v.

PARKER, et al.,

    Defendants.

No. 2:16-cv-2448 MCE DB P

ORDER

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his safety in violation of the Eighth Amendment. Presently before the court is plaintiff's Second Amended Complaint (ECF No. 16) for screening and his motion to appoint counsel (ECF No. 17). For the reasons set forth below, the court will give plaintiff the option to proceed with his claims as screened or file an amended complaint.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Second Amended Complaint

The court dismissed plaintiff's original complaint with leave to amend. (ECF No. 7.) Thereafter plaintiff filed a First Amended Complaint (ECF No. 13) and a Second Amended Complaint ("SAC") (ECF No. 16). Included in the SAC was a request that the court accept the SAC because it was timely, included allegations against Dr. Wong, and clearly stated how each of the individual defendants allegedly violated plaintiff's rights. The SAC was timely filed[1] and as a general rule any amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 (2009) ("Normally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Milller, Federal Practice & Procedure § 1476, pp. 556-557 (2d ed. 1990)). Accordingly, the court will screen the SAC filed January 29, 2018.

### A. Allegations of the Complaint

Plaintiff is currently incarcerated at Kern Valley State Prison. (ECF No. 18.) The events giving rise to the claim occurred while plaintiff was an inmate at Mule Creek State Prison. (ECF No. 16 at 2.) Plaintiff names as defendants: (1) correctional officer L. Parker; (2) correctional officer Monkus; (3) correctional officer Parker[2]; (4) Dr. Wong; and (5) Warden Lizarraga.

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

[2] It appears there are two separate defendants with the last name Parker. Defendant L. Parker was

3

Plaintiff states he has suffered from back pain due to a car accident and by December 2015 he was confined to a wheelchair because of his spinal issues. (ECF No. 16 at 2-3.) Plaintiff claims on December 29, 2015 the inmate walkways on A-yard were obstructed by fences due to construction. (Id. at 3.) Plaintiff claims that because of the walkways were not accessible he was unable to access critical services and programs, including the dining hall.

Plaintiff claims officers Parker and Monkus ordered plaintiff to go to the dining hall to receive a meal. (Id. at 4.) Plaintiff requested an Americans with Disabilities Act ("ADA") inmate worker to assist him by pushing his wheelchair to dining hall. Instead of calling an ADA worker, Parker and Monkus ordered plaintiff's cellmate, inmate Rocha, to push plaintiff in his wheelchair, to the dining hall. Rocha pushed plaintiff along the employee walkway on their way to the dining hall to avoid the construction area and curbs. Officer L. Parker, watching from his post in the guard tower did not object their use of the employee walkway.

Plaintiff claims that L. Parker refused to allow plaintiff and Rocha to use the employee walkway on their way back from the dining hall. L. Parker ordered plaintiff to walk the same way as the other inmates. Plaintiff informed L. Parker that he could not walk, that inmate Rocha was not an ADA worker certified to push inmates in wheelchairs, that the curb was dangerous, and again requested an ADA worker to push him. Plaintiff alleges L. Parker ordered Rocha to push plaintiff in the direction of the other inmates by motioning with his rifle.

Plaintiff claims he fell when Rocha pushed him over the curb. (Id. at 5.) Plaintiff was treated at the hospital for his injuries. He alleges he remains in pain and suffers from numbness and limited mobility in his hands and arms.

Plaintiff claims Dr. Wong was aware of his mobility issues because he was aware plaintiff required a wheelchair to access services, such as the dining hall, but failed to issue an accommodation chrono to ensure plaintiff's safety. (Id. at 6.) Plaintiff claims Lizarraga allowed construction to take place on the yard which prevented plaintiff from accessing the dining hall. (Id. at 5.) Plaintiff claims after the incident he was given permission to use the employee

---

stationed in the tower and defendant Parker was assigned to plaintiff's housing unit.

walkway and was notified that he should not have been housed at MCSP because it was not designated for inmates using wheelchairs.

### III. Does Plaintiff State a Cognizable § 1983 Claim?

#### A. Legal Standards for Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

Under the Eighth Amendment, "prison officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Hellings v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm).

"Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008). A prison may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

"The second step, showing 'deliberate indifference,' involves a two part inquiry." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation was obvious." Id. (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844) ("[P]rison officials who actually knew of a

5

substantial risk to inmate health or safety may be found free from liability if they responded reasonably.") (footnote omitted).

**B. Analysis**

Plaintiff has alleged facts showing that defendants L. Parker, Monkus, Parker, and Wong were aware of a risk to his safety and failed to take reasonable measures to avoid the harm. This is minimally sufficient to state a claim under § 1915A.

However, plaintiff has failed to state sufficient facts showing that Warden Lizarraga knew of the risk to plaintiff's safety. Additionally, plaintiff may not state a claim against Lizarraga based solely on his position as the warden. To state a claim under section 1983, plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Accordingly, plaintiff has failed to state a claim against Warden Lizarraga.

**C. State Law Claim**

Plaintiff states he is also bringing a claim against all defendants "under state tort law negligence and medical malpractice." Plaintiff has not pled compliance with the California Government Claims Act ("GCA"), which requires filing a claim with the California Victim's Compensation Government Claim Board prior to filing a lawsuit against a state employee or entity. Cal. Gov't Code §§ 905.2, 911.2, 945.2, 950.2; Munoz v. California, 33 Cal.App.4th 1767, 1776 (1995). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

Thus, in order to state a tort claims against a public employee, plaintiff must allege compliance with the GCA and if he failed to comply, he may not bring any state law tort claims in this action, regardless of the merits of those claims. Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege

compliance with the claims filing requirement applies in federal court as well. Karim-Panahi, 839 F.2d at 627. Plaintiff's purported state law tort claim must be dismissed with leave to amend for failure to allege compliance with the GCA.

## AMENDING THE COMPLAINT

Plaintiff has stated potentially cognizable Eighth Amendment claims against defendants Parker, L. Parker, Monkus, and Dr. Wong. The undersigned finds that plaintiff has not alleged sufficient facts to state a claim against warden Lizarraga and has failed to state a claim under California law. Accordingly, plaintiff will be given the option of filing an amended complaint or proceeding with his complaint as screened.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's California state law claim and his claim against Warden Lizarraga are dismissed with leave to amend.
2. Plaintiff has the option to proceed immediately on his claims against defendants Parker, L. Parker, Monkus, and Wong as set forth in Section II above, or to amend the complaint.
3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.
4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 15, 2018

DLB:12
DLB:1/prisoner-civil rights/tufo2448.scrn2

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINO TUFONO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>L. PARKER, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-2248 MCE DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Parker, L. Parker, Monkus, and Wong without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing his state law claim and his claim against defendant Lizarraga without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Tino Tufono
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se