UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINO TUFUNO, | No. 2:16-cv-2448 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| L. PARKER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims he was injured when defendants required his cellmate to push plaintiff in his wheelchair over a curb causing plaintiff to fall.

Plaintiff has filed a second motion requesting the appointment of counsel. (ECF No. 25.) In support of his motion plaintiff argues his case has merit, he will need to obtain expert testimony regarding his injuries, his back and neck pain hinder his ability to research and prepare documents, he lacks knowledge of the law, he is an EOP[1] inmate who has had to have other inmates help him prepare and file documents, he takes pain medication daily, he believes obtaining and reviewing discovery materials will be hindered, and his limited access to the law library in addition to the possibility of lockdowns hinders his ability to effectively litigate this case.

---

[1] EOP is the abbreviation for Enhanced Outpatient Program, which is a prison mental health care program designation. Cal. Code Regs. tit. 15 § 3040.1(d); Coleman v. Brown, 28 F. Supp. 3d 1068, 1075 (E.D. Cal. 2014).

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. At the pleading stage, it is unclear whether plaintiff is likely to succeed on the merits. While the court is sympathetic to plaintiff's medical issues and the difficulties of litigating a case while incarcerated, plaintiff has not shown that his issues differ from those of other inmates. Further, up to this point plaintiff has been able to articulate his claims with clarity through the assistance of other inmates. (See ECF Nos. 16, 21.)

Accordingly, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. See Owens v. Clark, No. 2:15-cv-0982 TLN KJN P, 2017 WL 6539639 at *1 (E.D. Cal. Dec. 20, 2017) (denying EOP inmate's motion to appoint counsel because he was receiving assistance from other inmates and failed to establish a likelihood of success on the merits.). Plaintiff's motion to appoint counsel will be denied without prejudice.

Plaintiff has also requested an extension of time to submit service documents. (ECF No. 24.) Plaintiff states that he has been unable to make the required copies due to an institutional lockdown. Good cause appearing the court will grant plaintiff's motion for an extension of time.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 25) is denied without prejudice.
2. Plaintiff's motion for an extension of time (ECF No. 24) is granted. Plaintiff shall have thirty days from the date of service of this order to submit the service documents to the court.

Dated: January 23, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil-Rights/tufo2448.mta.eot